IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELKIN VALLEY BAPTIST CHURCH ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PNC FINANCIAL SERVICES GROUP, INC ) <br> ) <br> Defendant ) <br> ) <br> ) | Case No. 2:23-cv-1798 |

**COMPLAINT**

Elkin Valley Baptist Church ("EVBC") brings this action for Negligence, Negligent Misrepresentation, Conversion and Constructive Trust, against PNC Financial Services Group, Inc. In support of its action, EVBC alleges the following:

**PARTIES**

1. Plaintiff, Elkin Valley Baptist Church ("EVBC") is a religious Nonprofit Corporation formed under the laws of the State of North Carolina, with its principal office located at, 118 N. Elkin Dr., Elkin, NC 28621.

2. Defendant, PNC Financial Services Group, Inc. is a Corporation, ("PNC") incorporated in the State of Pennsylvania, with its principal place of business at, the Tower at PNC Plaza, 300 5th Ave., Pittsburgh, PA 15222.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the action under 28 U.S.C. § 1332, because it involves citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391, because Defendant, PNC is incorporated in Pennsylvania or has its principal place of business in Pittsburgh, PA.

## GENERAL ALLEGATIONS

5. An unknown person or entity opened an account with PNC, with account # 5387108034 (the "**Account**").

6. On or around November 7th 2022, EVBC had $793,876.10 wired to PNC (the "**Wire**") for the benefit of Landmark Builders, Inc.

7. To receive the Wire, PNC required that EVBC provide it with: the beneficiary's name, the beneficiary's address and an account number.

8. In the Wire, EVBC identified the beneficiary's name as "Landmark Builders, Inc."

9. In the Wire, EVBC identified the beneficiary's address as "3250 Triad Court, Winston-Salem, NC 27107".

10. In the Wire, EVBC identified the beneficiary's account number as 5387108034.

11. PNC took custody of the $793,876.10 on or around November 7th, 2022.

12. The $793,876.10 was delivered by PNC to a person or entity that was not Landmark Builders, Inc.

13. The $793,876.10 was delivered by PNC to a person or entity that was not located at 3250 Triad Court, Winston-Salem, NC 27107.

14. Under information and belief, the account number 5387108034, did not belong to Landmark Builders, Inc.

15. Under information and belief, the account number 5387108034 did not list an address as 3250 Triad Court, Winston-Salem, NC 27107.

16. Under information and belief, PNC knew the account number did not match the beneficiary's name in the Wire.

17. Under information and belief, PNC knew the account number on the Wire did not match the beneficiary's address on the Account.

18. Despite knowledge of the mismatch between the account number and beneficiary name and beneficiary address, PNC deposited the $793,876.10 into the Account.

19. PNC is defined as a "financial institution" or "financial services company" under federal regulations known as "Know Your Customer", and subject to those regulations ("KYC").

20. KYC requires that PNC establish proof of an account holders legal identity.

21. KYC requires that PNC identify suspicious transactions and prevent fraud.

22. PNC failed to follow the rules and regulations or PNC's internal procedures for establishing proof of the holder of the Account as required by KYC.

23. PNC failed to follow the rules and regulations and/or PNC's internal procedures for identifying suspicious transactions for the Account.

24. PNC allowed the Account to be opened without following appropriate procedures for identifying the holder of the account in violation of KYC.

25. PNC allowed all but $17,939.00 of the funds to be withdrawn from the Account.

26. PNC remitted back to EVBC, the $17,939.00.

27. Upon information and belief, the fund withdraws were made in whole or in part in person and therefore it is likely that there are security recordings of the withdrawals in the branch.

28. PNC knew, or with reasonable diligence should have known, that the transactions associated with the Account were suspicious.

29. PNC later identified the transactions associated with the Account as suspicious, but only after being informed of the fraud by EVBC.

### First Cause of Action

### Negligence

30. EVBC hereby incorporates paragraphs 1 through 29 as if set forth fully herein.

31. PNC owed a duty of care to EVBC to apply those funds only in accordance with the Wire instructions.

32. PNC breached its duty to the Plaintiff by transferring money to an account holder which did not match up with the beneficiary's name listed on the Wire instructions.

33. By PNC transferring the money to an account without the name Landmark Builders, Inc., PNC proximately caused EVBC to be damaged in an amount of not less than $ 775,937.10.

34. PNC had a duty to follow KYC rules and regulations.

35. The purpose of KYC rules and regulations is to prevent fraud.

36. PNC failed to follow the KYC rules and regulations related to the Account.

37. But for PNC's failure to follow KYC rules and regulations the Account holder would have been prevented from absconding with $775,937.10which was not intended for it.

38. EVBC was damaged by the loss of $775,937.10.

## Second Cause of Action

## Negligent Misrepresentation

39. EVBC hereby incorporates paragraphs 1 through 38 as if set forth fully herein.

40. PNC requires that wire instructions sent to it identify the Beneficiary by name and address.

41. In requiring EVBC to identify the beneficiary by name, PNC implied that if the name on the account did not match the account number, PNC would not deposit the $793,876.10 to the account and would instead return the $793,876.10.

42. PNC should know that by requiring the name for the account holder that EVBC would believe that the name and account number must match.

43. EVBC justifiably sent the Wire believing that if the name did not match the account number the $793,876.10 would be returned.

44. PNC either did not check that the name listed by EVBC in the wire instructions matched the account number listed in the wire instructions, or PNC knew that the name listed did not match the account number but applied the funds to the account anyway.

45. PNC intends to induce EVBC and others to send it money by inducing trust that PNC bank will only send money to accounts where the account number matches the beneficiary name on the account.

46. But for PNCs implicit promise that it verifies the account number against the name and address, EVBC would not have sent it the $793,876.10.

47. EVBC was damaged by the loss of $775,937.10.

48. PNC's failure to verify a match between the account number supplied and account holder is known by PNC to permit and lead to fraudulent transactions.

49. PNC's failure to verify a match between the account number supplied and account holder is known by PNC to aid fraudulent actors in converting funds from innocent persons.

50. PNC knows that fraudulent actors commit fraud by use of an innocent person's reasonable belief that PNC matches the account number with the account holder's name.

51. PNC could with little cost or expense implement safeguards automatically verifying a match between the account number and account holder, but has failed to do so despite the known risks and ongoing consequences, and its failure to implement such safeguards is recklessly indifferent to the rights of others.

52. Punitive damages are necessary to deter PNC and other banks from engaging in similarly reckless behavior which aids and encourages fraudulent actors.

### Third Cause of Action

### Conversion

53. EVBC hereby incorporates paragraphs 1 through 52 as if set forth fully herein.

54. EVBC is the rightful owner of the $793,876.10 transferred to PNC.

55. EVBC instructed PNC that the $793,876.10 was to be transferred to Landmark Builders, Inc.

56. PNC transferred the $793,876.10 to a person or entity that was not Landmark Builders, Inc.

57. EVBC has been damaged by the loss of $775,937.10.

## Forth Cause of Action

## Constructive Trust

58. EVBC hereby incorporates paragraphs 1 through 57 as if set forth fully herein.

59. PNC accepted $793,876.10 from EVBC.

60. In accepting the Wire from EVBC, PNC intended and did hold property for the benefit of EVBC.

61. EVBC identified that the purpose of the $793,876.10 was for delivery to Landmark Builders, Inc.

62. PNC had an equitable duty to deliver the $793,876.10 in accordance with the instructions of EVBC.

63. PNC breached its duty to EVBC by delivering the $793,876.10 to an account holder that was not Landmark Builders, Inc.

64. EVBC has been damaged by the loss of $775,937.10.

## **Jury Trial Demand**

Plaintiff demands a trial by jury on all issues so triable.

**Request for Relief**

WHEREFORE, Plaintiff, Elkin Valley Baptist Church respectfully prays for the following orders from the Court:

A. A declaration that PNC Financial Services Group, Inc is liable to Plaintiff for $775,937.10 as alleged herein, together with prejudgment and post-judgment interest at the legal rate from November 7th, 2022 until paid,

B. For damages in the sum of $775,937.10,

C. For a decree that PNC Financial Services Group, Inc holds $775,937.10 in trust for Plaintiff, together with prejudgment and post-judgment interest at the legal rate from November 7th, 2022 until paid,

D. For punitive damages,

E. For costs of the suit incurred herein including reasonable attorneys' fees as permitted by law, and

F. For such other and further relief as the Court may deem just.

Dated September 26th, 2023                The Bartos Group, LLC


                                By: s/Todd R. Bartos

                                Todd Bartos
                                Attorney for Plaintiff
                                Elkin Valley Baptist Church