**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELKIN VALLEY BAPTIST CHURCH, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No.  2:23-CV-1798-NBF |
| | ) | |
| v. | ) | |
| | ) | |
| PNC BANK, N.A., and | ) | |
| F.N.B. CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FIRST NATIONAL BANK OF PENNSYLVANIA'S BRIEF
<u>IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...........................................................................................................ii

I.  INTRODUCTION ................................................................................................................ 1

II.  PROCEDURAL HISTORY ................................................................................................. 2

III.  FACTUAL BACKGROUND.............................................................................................. 3

IV.  ARGUMENT....................................................................................................................... 5

   A.  Standard of Review ...................................................................................................... 5

   B.  The Court May Consider the Payment Order Even If It Was Not Attached to the Second
      Amended Complaint...................................................................................................... 5

   C.  Plaintiff's Common Law Claim for Negligence is Preempted by the UCC. ....................... 7

   D.  Plaintiff Has Not and Cannot Allege Facts Against FNB Sufficient to Establish a Violation
      of 13 Pa.C.S. § 4A207(c)(2)....................................................................................... 9

V.  CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**PAGE(s)**

**Cases**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .................................................................................................. 5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................................................. 5

Binns v. Truist Bank,
   803 F. App'x 618 (3d Cir. 2020) ............................................................................ 7

Bucci v. Wachovia Bank, N.A.,
   591 F. Supp. 2d 773 (E.D. Pa. 2008) ..................................................................... 8

Carino v. Stefan,
   376 F.3d 156 (3d Cir. 2004) .................................................................................... 5

Connelly v. Gibson,
   355 U.S. 41 (1957) ................................................................................................... 5

Doe v. Princeton Univ.,
   30 F.4th 335 (3d Cir. 2022) ..................................................................................... 6

Doe v. Univ. of Scis.,
   961 F.3d 203 (3d Cir. 2020) ..................................................................................... 6

Eburuoh v. PNC Bank, N.A.,
   No. 21-4430, 2022 WL 2176305, at *2 (E.D. Pa. Jun. 16, 2022) ............................ 8

Fowler v. UPMC Shadyside,
   578 F.3d 203 (3d Cir. 2009) ..................................................................................... 5

Fragale v. Wells Fargo Bank, N.A.,
   480 F. Supp. 3d 653 (E.D. Pa. 2020) ..................................................................... 7

In re Burlington Coat Factory Sec. Litig.,
   114 F.3d 1410 (3d Cir. 1997) .................................................................................. 6

Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,
   998 F.2d 1192 (3d Cir. 1993) .................................................................................. 6

United States v. PNC Bank,
   No. 07-417, 2009 WL 10736701, at *3 (E.D. Pa. Mar. 31, 2009) ............................ 8

**Statutes**

13 Pa. Cons. Stat. § 4A101 ............................................................................................... 7

13 Pa. Cons. Stat. § 4A102 ............................................................................................... 8

13 Pa. Cons. Stat. § 4A104(a) ........................................................................................... 7

13 Pa. Cons. Stat. § 4A202(a) ........................................................................................... 9

13 Pa. Cons. Stat. § 4A402(b) ........................................................................................... 9

13 Pa. Cons. Stat. 4A207(c)(2) ................................................................................. passim

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ...................................................................................... 1, 2, 5

Fed. R. Civ. Proc. 8(a)(2) ................................................................................................. 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant First National Bank of Pennsylvania ("FNB"), incorrectly identified as "F.N.B. Corporation," by and through its attorneys, Burns White LLC, files this Brief in Support of Motion to Dismiss the Second Amended Complaint of Elkin Valley Baptist Church ("Plaintiff") and, in support thereof, states as follows:

## I.       INTRODUCTION

As set forth in the Second Amended Complaint ("SAC"), Plaintiff authorized a wire transfer of $793,876.10 to be sent by FNB to an account number at PNC Bank ("PNC") ending in -0834 (the "Account").  Plaintiff, as pled, intended to send those funds to its contractor, Landmark Builders, Inc.  Notwithstanding its purported intention, Plaintiff later learned the Account was not controlled by Landmark Builders, Inc. and, instead, was controlled by an unknown party that defrauded Plaintiff.

Because its attempts to obtain a refund of the wire transfer were unsuccessful, Plaintiff now seeks to recover the wired funds from the financial institutions that processed its payment order instructions.  Plaintiff asserts claims against FNB for violation of Article 4A of the Pennsylvania Uniform Commercial Code ("UCC") and for negligence.  While FNB empathizes with Plaintiff's circumstances, the SAC is a futile attempt by Plaintiff to avoid the consequences of its own conduct and the failure of its own security controls.

Both claims asserted against FNB should be dismissed with prejudice for failure to state a claim.  First, Plaintiff's negligence claim is preempted by Article 4A of Pennsylvania's UCC.  Second, Plaintiff fails to allege any facts to support its allegation that FNB violated Article 4A or that FNB could ever be liable for the wire transfer under Article 4A.  Indeed, Plaintiff's wire transfer transaction was processed in accordance with the Outgoing Wire Form and accompanying Terms and Conditions of the Payment Order and Funds Transfer Agreement (collectively,

"Payment Order") executed by Plaintiff.  A true and correct copy of the Payment Order is attached hereto as Exhibit A.[1]  The Payment Order does not support Plaintiff's claims and, to the contrary, the explicit terms of the Payment Order refute Plaintiff's claims.  Without doubt, the Payment Order specifically provides that FNB may process the wire transfer using only the beneficiary's account number provided in the Payment Order, as is customary in the banking industry.  See Ex. A at 2 ¶ 7.

FNB was not originally named as a defendant in this matter for good reason – there is no set of facts that could make FNB a proper defendant in this case.  Accordingly, this Court should dismiss all claims asserted in the SAC against FNB with prejudice.

## II.    PROCEDURAL HISTORY

On October 18, 2023, Plaintiff filed a Complaint against PNC only.  See Dkt. 1.  On January 17, 2024, the Court approved those parties' Stipulation to Amend Complaint, and Plaintiff filed the First Amended Complaint ("FAC") on January 26, 2024.  See Dkt. 14, 15.  In the FAC, Plaintiff asserted claims against PNC and FNB.  See Dkt. 15.  Although FNB was named as a defendant in the FAC, Plaintiff never served FNB with the FAC.  PNC filed a Motion to Dismiss the FAC pursuant to F.R.C.P. 12(b)(6).  See Dkt. 17.  On April 12, 2024, the Court dismissed one cause of action asserted against PNC and granted Plaintiff's request for leave to amend the complaint a second time.  See Dkt. 27.

On April 26, 2024, Plaintiff filed the SAC, which again asserted claims against PNC and FNB.  See Dkt. 28.  This time, FNB received the SAC from Plaintiff via Federal Express and, on May 8, 2024, Plaintiff filed the Waiver of Service form executed by counsel for FNB.  See Dkt.

---

[1] The Payment Order is not attached to Plaintiff's Second Amended Complaint.  For the reasons set forth more fully below, this Court may consider the Payment Order in deciding FNB's Motion to Dismiss because it is integral to and explicitly relied upon in the Second Amended Complaint.

31.  The SAC asserts two causes of action against FNB: Failure to Warn/Violation of 13 Pa. Cons. Stat. 4A207(c)(2) (Count III) and Negligence (Count IV).  On May 31, 2024, co-defendant PNC filed a Motion to Dismiss the SAC, which is presently pending before the Court.  See Dkt. 33. FNB now files the instant Motion to Dismiss the claims asserted against it.

### III.   FACTUAL BACKGROUND

As pled in the SAC, in November 2022 Plaintiff contracted with Landmark Builders, Inc. for the construction of a building.  See Second Am. Compl. at ¶ 29.[2]  On or about November 7, 2022, Plaintiff authorized a wire transfer of $793,876.10 to a PNC account ending in -0834 (the "Account").  See Second Am. Compl. at ¶¶ 8, 31.  Plaintiff further alleges the Account received the funds.  See Second Am. Compl. at ¶ 43.  However, after completion of the wire transfer, Plaintiff learned the Account was not in fact controlled by Landmark Builders, Inc. (to whom it thought it was sending the funds) but rather by an unknown party that defrauded Plaintiff.  See Second Am. Compl. at ¶¶ 30, 37-40.  By the time Plaintiff realized its own error, the holder of the PNC Account had withdrawn a majority of the wired funds.  See Second Am. Compl. at ¶ 51. PNC returned the remaining amount of $17,939.00 to Plaintiff.  See Second Am. Compl. at ¶ 52.

Plaintiff alleges that it followed FNB's "wire instructions" and identified the beneficiary of the wire transfer by name and address.  See Second Am. Compl. at ¶ 82.  The "wire instructions" referenced by Plaintiff are set forth in FNB's Outgoing Wire Form and accompanying Terms and Conditions of the Payment Order and Funds Transfer Agreement (collectively, "Payment Order"). A true and correct copy of the Payment Order executed by Plaintiff on November 7, 2022 is attached hereto as Exhibit A.  In addition to the beneficiary name and address, Plaintiff identified the beneficiary bank routing number, bank name, bank city, bank state, and bank account number

---

[2] For the purpose of this Motion to Dismiss, unless otherwise noted, the allegations of material fact addressed herein are those set forth/pled by Plaintiff.

on the Payment Order.  See Ex. A at 1.  The Payment Order identified the beneficiary name as "Landmark Builders, Inc.," the beneficiary address as "3250 Triad Court, Winston-Salem, NC 27107," and the beneficiary Account number ending in -0834.  See Ex. A at. 1; Second Am. Compl. at ¶¶ 33-35.

The Payment Order, signed by Steve Owings on behalf of Plaintiff, also includes certain terms and conditions.  See Ex. A at 2.  Significantly, Paragraph 7 of the terms and conditions, "Identifying Information," provides:

> Sender acknowledges that in executing the Payment Order that Bank will use identifying account numbers of Beneficiary, the Beneficiary's bank or any intermediary bank(s) rather than names or titles of the account(s). **Sender hereby agrees that Bank may make payment of a Payment Order on the basis of an identifying or account number despite the inconsistency of the name of the account holder and the Beneficiary.** Bank shall not be liable for any failure to identify any and all liability, expenses, fees (including attorney's fees) and damages whatsoever which Bank may incur directly or indirectly as a result of any such inconsistency.

See Ex A at 2 (emphasis added).

Plaintiff alleges that FNB violated the UCC by failing to notify Plaintiff that it would process the wire transfer using only the account number even though FNB requested the account number and account name on its wire instructions.  See Second Am. Compl. at ¶¶ 81-89.  But – without question – the Payment Order specifically provides that FNB may process the wire transfer using only the beneficiary's account number provided in the Payment Order.

As to the negligence cause of action, Plaintiff alleges that FNB breached its duty to Plaintiff by not complying with the wire instructions or not verifying that the wire transfer would reach only the beneficiary named in the wire instructions.  See Second Am. Compl. at ¶¶ 90-95.  Among other things, Plaintiff's common law claim for negligence is preempted by the UCC.

4

Plaintiff cannot maintain any of the purported causes of action against FNB. Accordingly, this Honorable Court should dismiss all claims asserted against FNB in Plaintiff's Second Amended Complaint with prejudice.

## IV.    ARGUMENT

### A.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that all pleadings stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations in a complaint must provide more than "labels and conclusions … factual allegations must be enough to raise a right to relief above the speculative level." Twombly at 545. In evaluating a claim under Rule 8, a court should disregard any legal conclusions and determine whether the facts alleged are sufficient to show that plaintiffs have a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Under Rule 12(b)(6), the Court must decide whether, even if the Plaintiff could prove all of the allegations in its SAC, it would be able to prevail. A complaint may be dismissed for failure to state a claim where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. Connelly v. Gibson, 355 U.S. 41, 45-46 (1957); Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

### B.    The Court May Consider the Payment Order Even If It Was Not Attached to the Second Amended Complaint.

The Payment Order is both integral to and explicitly relied upon in the SAC; therefore, it may be considered in ruling upon FNB's Motion to Dismiss even though it was not attached to the

SAC.  Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."  Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).  Where a document, however, is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56.  Id. (citing Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020)).  A "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court may consider the Payment Order because it is integral to and explicitly relied upon in the SAC.  The Payment Order is not merely referred to in the SAC; rather, it constitutes the primary basis for Plaintiff's claims against FNB.  The SAC alleges that: (1) "FNB requires wire instructions sent to it identify the Beneficiary by name and address"; (2) "In requiring EVBC to identify the beneficiary by name, FNB implied that if the name on the account did not match the account number, the payment of $793,876.10 would not deposited (sic) to the account and would instead be returned to EVBC"; (3) "FNB has a duty to EVBC to verify that wire transfers are sent only in compliance with the instructions contained in the wire transfer…"; and (4) "FNB breached its duty of care to EVBC by failing to verify the identity of the beneficiary account name was the same as that in the wire instructions…"  See Second Am. Compl. at ¶¶ 82, 83, 91, 93.  Additionally, Plaintiff specifically identified certain information on the Payment Order that it was required to provide.  See Second Am. Compl. at ¶¶ 32-35.

6

Plaintiff should not be allowed to describe and rely upon the Payment Order in the SAC while shielding it from scrutiny. As a result, the Court should consider the Payment Order for this Motion.

**C.    Plaintiff's Common Law Claim for Negligence is Preempted by the UCC.**

The SAC, in asserting a common law claim for negligence, ignores the established legal precedent that common law claims are displaced by Pennsylvania's adoption of the Uniform Commercial Code. Article 4A of the UCC, adopted at 13 Pa. Cons. Stat. § 4A101, *et seq.*, provides the exclusive rights, duties, and liabilities of banks and senders with respect to funds transfers. The UCC defines a "funds transfer" as the series of transactions that begins with the originator's payment order and are completed by acceptance of the beneficiary's bank of a payment order. See 13 Pa. Cons. Stat. § 4A104(a). Wire transfers fall within this definition. See Binns v. Truist Bank, 803 F. App'x 618, 622 n.2 (3d Cir. 2020) ("Article 4A covers credit wire transfers."); Fragale v. Wells Fargo Bank, N.A., 480 F. Supp. 3d 653, 659 (E.D. Pa. 2020) ("Article 4A, which applies generally to wire transfers…is a comprehensive scheme enacted to govern electronic wire transfers.").

Article 4A is intended to provide an exclusive remedy for claims arising out of funds transfers:

> In the drafting of Article 4A, a deliberate decision was made to write on a clean slate and to treat a funds transfer as a unique method of payment to be governed by unique rules that address the particular issues raised by this method of payment. A deliberate decision was also made to use precise and detailed rules to assign responsibility, define behavioral norms, allocate risks and establish limits on liability…The rules that emerged represent a careful and delicate balancing of those interests and are intended to be **the exclusive means of determining the rights, duties and liabilities** of the affected parties in any situation covered by particular provisions of the Article. Consequently, **resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article**.

7

See 13 Pa. Cons. Stat. § 4A102 (emphasis added).  Moreover, courts have recognized that Article 4A displaces common law claims.  See Eburuoh v. PNC Bank, N.A., No. 21-4430, 2022 WL 2176305, at *2 (E.D. Pa. Jun. 16, 2022) ("Article 4A preempts [plaintiff's] claim because [Article 4A] supplies a comprehensive remedy for disputes involving wire transfers."); United States v. PNC Bank, No. 07-417, 2009 WL 10736701, at *3 (E.D. Pa. Mar. 31, 2009) ("Article 4A is a comprehensive scheme enacted to govern electronic wire transfers.").  Article 4A "will displace the common law" where (1) it supplies "a comprehensive remedial scheme," and (2) "reliance on the common law would undermine the purpose of the [UCC]."  Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 779 (E.D. Pa. 2008).

Here, Plaintiff is attempting to hold FNB liable for the wire transfer itself.  This is evidenced, for example, when the SAC asserts that FNB sent the funds without "verify[ing] the identity of the beneficiary account name was the same as the wire instructions, or implementing a system which would verify matching of account names and numbers."  See Second Am. Compl. at ¶ 93.  This is further demonstrated when the damages claimed are the total amount sent via wire transfer, less the amount that was returned to Plaintiff.  See Second Am. Compl. at ¶ 80.

Section 207(c) of Article 4A sets forth specific obligations and liabilities of an originator whose payment order (i.e., a wire transfer order) (1) described the beneficiary inconsistently by name and number, (2) is accepted by a beneficiary bank, and (3) paid to the person identified by account number – the exact scenario we are facing here.  13 Pa. Cons. Stat. § 4A207(c).  This provision specifically provides a comprehensive remedial scheme addressing Plaintiff's common law claim.  Accordingly, Article 4A of the UCC, as adopted in Pennsylvania, governs this dispute and is the only viable means under which to bring any claim regarding a wire transfer.  Plaintiff's

8

attempt to bring a separate common law claim for negligence is thus preempted as a matter of law. Therefore, dismissal, with prejudice, of Plaintiff's common law negligence claim is appropriate.

**D.      Plaintiff Has Not and Cannot Allege Facts Against FNB Sufficient to Establish a Violation of 13 Pa.C.S. § 4A207(c)(2).**

Article 4A of the UCC directly governs the situation at issue here and, under the UCC's allocation of fault, Plaintiff bears the loss of an authorized wire transfer. 13 Pa. Cons. Stat. § 4A202(a) ("A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order…"); 13 Pa. Cons. Stat. § 4A402(b) ("With respect to a payment order issued to the beneficiary's bank, acceptance of the order by the bank obliges the sender to pay the bank the amount of the order, but payment is not due until the payment date of the order.").

Plaintiff admits that it authorized the wire transfer to the PNC Account via the Payment Order (i.e., wire instructions) and PNC accepted the payment. See Second Am. Compl. at ¶¶ 31-36, 82-83, 85. Because Plaintiff authorized the Payment Order and PNC accepted payment pursuant to it, Plaintiff bears responsibility for this loss.

Despite its authorization of the Payment Order, Plaintiff attempts to shift liability to FNB by arguing that FNB implicitly agreed to verify that the account number and account name match before issuing payment to the beneficiary's bank. Nevertheless, this argument fails because FNB made no implicit promises. Instead, to the contrary, FNB's obligations are explicitly set forth in the Payment Order that Plaintiff signed and submitted to FNB.

13 Pa. Con. Stat. § 4A207(c)(2) governs the allocation of liability between an originator and the originator's bank when there is misdescription of a beneficiary (i.e., an error in a payment order that describes the beneficiary inconsistently by name and account number). When an

9

accepted payment order describes the beneficiary inconsistently by name and number, and the

beneficiary's bank pays the person identified by number, the following rules apply:

> If the originator is not a bank and proves that the person identified by number was not entitled to receive payment from the originator, the originator is not obliged to pay its order **unless the originator's bank proves that the originator, before acceptance of the originator's order, had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number even if it identifies a person different from the named beneficiary**. Proof of notice may be made by any admissible evidence. **The originator's bank satisfies the burden of proof if it proves that the originator, before the payment order was accepted, signed a writing stating the information to which the notice relates**.

See 13 Pa.Con. Stat. § 4A207(c)(2) (emphasis added).  Under the UCC, banks are permitted to

rely exclusively on the account number provided to complete a wire transfer.  See 13 Pa. Con. Stat.

§ 4A207, cmt. 2 (describing the wire transfer process through which "[a] very large percentage of

payment orders issued to the beneficiary's bank by another bank are processed by automated means

using machines capable of reading orders on standard formats that identify the beneficiary by an

identifying number or the number of a bank account…The standard format [] may also allow the

inclusion of the name of the beneficiary and other information which can be useful to the

beneficiary's bank and the beneficiary but which plays no part in the process of payment.")

Here, Plaintiff is the originator, FNB is the originating bank, and PNC is the beneficiary's

bank.  Plaintiff alleges that the person identified by the Account number was not entitled to receive

payment from Plaintiff.  13 Pa. Con. Stat. § 4A207(c)(2) directly addresses this situation and

dictates that the originator bears the loss when it has notice that the beneficiary's bank might make

payment to the person identified by account number even if there is an inconsistency between the

name and the identifying number.

The Payment Order provided Plaintiff with notice of the risk of providing an inconsistent

name and account number in the payment order.  See Ex. A at 2 ("Sender acknowledges that in

executing the Payment Order that Bank will use identifying account numbers of Beneficiary…rather than names or titles of the account(s). Sender hereby agrees that Bank may make payment of a Payment Order on the basis of an identifying or account number despite the inconsistency of the name of the account holder and the Beneficiary."). This is clear notice to Plaintiff of FNB's intent to use the account number as identification for wire transfers, even if the name does not match the account. When Plaintiff provided the account number on the Payment Order, it was aware that it would bear the loss in the event the Payment Order provided an inconsistent beneficiary name and account number. Therefore, FNB has met its burden under 13 Pa. Con. Stat. § 4A207(c)(2), and Plaintiff, not FNB, was obligated to pay the payment order.

Given the plain language of the Payment Order, Plaintiff has not sufficiently alleged facts that make it plausible FNB failed to provide notice – nor could Plaintiff ever – as the Payment Order is explicit. Therefore, Plaintiff's claim for violation of 13 Pa. Con. Stat. § 4A207(c)(2) should be dismissed with prejudice.

## V.   CONCLUSION

For all of the foregoing reasons, FNB respectfully requests that this Court grant its Motion and Dismiss all claims asserted against FNB in Plaintiff's Second Amended Complaint, with prejudice.

Respectfully submitted,

BURNS WHITE LLC

By: /s/  Lyle Washowich
    Lyle Washowich (PA I.D. 84348)
    E-mail: ldwashowich@burnswhite.com
    Daniel Inadomi (PA I.D. 312984)
    E-mail:  dwinadomi@burnswhite.com
    Burns White Center

11

48 26th Street
Pittsburgh, PA  15222
(412) 995-3004 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant,*
*First National Bank of Pennsylvania*