# EXHIBIT A



## First National Bank **Outgoing Wire Form**

Date of Input: 11/7/2022 11:35 AM

Cost Center & Location: 1134, NORTH ELKIN

Transfer Amount: $793,848.10, America (United States) Dollars - USD

<u>CUSTOMER INFORMATION SECTION</u>

Paid By: **Debit**

Authorized Account Number: REDACTED

Account Type: **Checking**

Customer's Name: **ELKIN VALLEY BAPTIST CHURCH**

Signer's Name: **STEVE OWINGS**

Customer's Street Address: **118 N ELKIN DR**

Customer's Street Address 2:

City, State & Zip: **ELKIN, NC 28621-2119**

Customer's Telephone Number: REDACTED

Customer's Date of Birth: REDACTED

Customer's Taxpayer's ID Number: REDACTED

Customer's DL No./Passport No.: REDACTED

Means of Identification: **KNOWN CUSTOMER**

State of Issuance: **NC**

<u>BENEFICIARY INFORMATION SECTION</u>

Beneficiary Bank ABA #: **043000096**

Beneficiary Bank Name: **PNC BANK**

Beneficiary Bank City: **CUMMING**

Beneficiary Bank State: **GA**

Beneficiary Bank Authorized Account #: REDACTED**8034**

Beneficiary Name: **LANDMARK BUILDERS, INC**

Beneficiary Street Address: **3520 TRIAD COURT**

Beneficiary Street Address 2:

Beneficiary City, State & Zip: **WINSTON SALEM, NC  27107**

Wire Reason: **PAYMENT ON BUILDING**

Further Credit To or Additional Information:

**MINUS A WIRE FEE OF 28.00 BENEFICIARY IS COVERING**

<u>CUSTOMER'S SIGNATURE</u>

Sign: *(signature)*                    **STEVE OWINGS**

Sign:

<u>WIRE REQUESTED BY</u>

Date Requested: **11/7/2022 11:35 AM**

Approved By: *(signature)* **RENEE LEWIS**

Verified By: *(signature)* **KARYL RHODES**

I hereby authorized this transfer and accept the terms and conditions, and acknowledge receipt of a copy signed by the above signed of this Payment Order and Agreement

**PAYMENT ORDER AND FUNDS TRANSFER AGREEMENT**
Terms and Conditions
1. PAYMENT ORDERS. Bank is authorized, but not obligated to honor, execute and accept the Payment Order to pay, or to cause another bank to pay, the specified Transfer Amount to the Beneficiary. If Bank received a Payment Order and the Authorized Account does not contain sufficient collected funds to pay the Payment Order, Bank may, but is not obligated to, honor, execute and accept the Payment Order by creating an overdraft in the Authorized Account. If Bank determines at any time not to honor or execute a Payment Order received from Sender, Bank shall attempt to notify Sender of such determination by using Sender's address as listed on the reverse side hereof. Sender agrees that the foregoing constitutes a commercially reasonable means of notice.
2. SECURITY PROCEDURES. Sender acknowledges that the Security Procedure provides a commercially reasonable degree of protection in light of Sender's particular needs and circumstances for the purpose of verifying that a Payment Order or a communication amending or canceling a Payment Order was that of Sender.
3. PROCEDURES AND PROCESSING OF PAYMENT ORDERS. This Agreement shall be subject to such administrative rules as Bank may establish from time to time governing its payment orders. Amendments or cancellations may be made only by giving notice as provided in Paragraph 4 during that part of the business day when Bank is open for the receipt, processing and transmittal of amendments or cancellations in accordance with the applicable cut-off time(s) established from time to time. If received after any such time, a Payment Order, amendment or cancellation may be deemed to have been received in the morning of the following funds-transfer business day. Further, Bank is not required to act upon or to follow any communication or instruction unless it is received in a manner affording Bank the reasonable opportunity to act. In order to ensure that any amendments or cancellations are properly received and come to the attention of the Bank personnel able to process such instructions (or, where appropriate, to provide notice of rejection). Sender acknowledges that Sender must strictly comply with the Bank's administrative rules then in effect and the notice provisions of Paragraph 4 and any request for amendments and cancellations to a Payment Order communicated to Bank in a manner otherwise may fail to come to the attention of the appropriate Bank personnel and may result in consequences not intended by Sender, but by which Sender will be bound. Further, Bank is not required to follow any communication or instruction if Bank in good faith concludes that in light of the circumstances surrounding a Payment Order that another means of execution is reasonable. Debits and credits relating to Payment Orders, and any amendments and cancellations will be posted by Bank during the routine course of posting accounts.
4. NOTICE. All notices, amendments, cancellations or other communication shall be transmitted to Sender by Bank using the street address and telephone number listed don the reverse side hereof. Sender hereby agrees that it shall communicate any notices, amendments, cancellations or other relevant information to the Bank using only the Security Procedure and the following address and telephone number: FIRST NATIONAL BANK OF PENNSYLVANIA, Attention: Funds Transfer Department, 4140 East State Street, Hermitage, Pennsylvania, 16148, Telephone Number (724) 983-3625.
5. AMENDMENTS AND/OR CANCELLATIONS OF PAYMENT ORDERS. Bank shall not be obligated to accept or effectuate any amendment to or cancellation of any Payment Order which previously may have been accepted by Bank, and Bank may (in its sole and absolute discretion) condition any action upon the following: (a) strict compliance with the Security Procedure, and ()b) receipt of an indemnity and bond or security satisfactory to Bank ensuring that Sender or a third party will indemnify and hold Bank harmless from any and all losses, whether direct or indirect, expenses, costs and fees, including without limitation attorneys' fees and costs of collection, and any other liabilities resulting from the Bank's execution of any amendment or cancellation of a Payment Order of Sender.
6. ACCOUNT STATEMENTS AND NOTIFICATION OF ERRORS. Sender's signature on the Payment Order and receipt thereof by Bank shall constitute an advice of the Payment Order to Sender. Sender hereby agrees to notify Bank of any discrepancies, errors, unauthorized transactions or other irregularities as provided for in Paragraph 4 above within a reasonable time not to exceed One (1) business day. Sender hereby agrees that it will be deemed to have received any information related hereto on the third business day after mailing. Sender further agrees to notify Bank of any objections to such Payment Order within Forty-Five (45) days of the receipt of the Payment Order, the failure of which shall be conclusively presumed to entitle Bank to payment.
7. IDENTIFYING INFORMATION. Sender acknowledges that in executing the Payment Order that Bank will use identifying account numbers of Beneficiary, the Beneficiary's bank or any intermediary bank(s) rather than names r titles of the account(s). Sender hereby agrees that Bank may make payment of a Payment Order on the basis of an identifying or account number despite the inconsistency of the name of the account holder and the Beneficiary. Bank shall not be liable for any failure to identify any and all liability, expenses, fees (including attorneys' fees) and damages whatsoever which Bank may incur directly or indirectly as a result of any such inconsistency.
8. FEES. Sender hereby agrees to pay Bank promptly its usual and customary fees for the services under this Agreement as shall be in effect from time to time. Sender acknowledges notice of the fees

currently charged for the services requested in the Payment Order and authorized Bank to collect all fees by charging the Authorized Account. Sender may request the issuance of tracer messages concerning incomplete transfers; however, Bank shall have the right to deny such request in its sole and absolute discretion. Should Bank accept such request, Sender agrees to pre-pay to Bank any tracer fees and foreign bank charges relating thereto.

9. INTERNATIONAL PAYMENT ORDERS. This Agreement applies to both international and domestic Payment Orders, however Sender agrees that if the Beneficiary's bank is not located in the United States, then the following provisions shall supersede any contrary provisions of this Agreement: (a) In executing the Payment Order, Sender instructs Bank to use the intermediary banks which Bank customarily uses from time to time, unless the Sender has notified Bank otherwise; (b) Sender agrees to bear the risk of all currency transactions and foreign exchange relating to the Payment Order; (c) A Payment Order involving foreign currency in excess of US $2,500 shall require a minimum of two (2) funds-transfer business days; (d) Recognizing delays inherent in foreign transactions, Sender agrees that any right to refund granted to Seller by applicable law shall be suspended for a reasonable time not to exceed six (6) months; (e) Upon request, Bank may, but is not required, to arrange to convert the Transfer Amount from US Dollars into the currency of a designated foreign governments or intergovernmental organization (the Foreign Currency). In the event Sender is to receive a refund, Bank will not be liable to Sender for any sum in excess of the Transfer Amount after it has been converted from Foreign Currency into US Dollars.

10. FORCE MAJEURE; LIABILITY OF BANK. Sender agrees that Bank shall not be liable for any errors, delay, loss, mutilations, misdelivery or failure of delivery in the transmission Order or for any suspension of any means of transmission of the Payment Order and Sender agrees to bear the risks thereof. Bank shall have no liability for losses cause in whole or in part by circumstances beyond its control, including, without limitation, acts of God, strikes and labor disputes, embargoes, failure of communications or computer system and support systems related thereto, declared or undeclared war, riot, insurrection, censorship, nationalization, sanctions (economic or otherwise), blockade, quarantine, confiscation, expropriation, revolution, or any law, decree, moratorium, regulation, executive order, compulsion or control of public authority of any domestic or foreign government, dejure or de facto.

11. INTEGRATION. This Agreement represents the entire agreement between the parties and the parties agree that there are no other agreements or understandings between them except as set forth herein. This Agreement shall not be amended or modified except in writing and executed by both Bank and Sender, notwithstanding any prior course of dealing or prior waiver of either party to require strict compliance with the terms and conditions of this Agreement.

12. GOVERNING LAW. This Agreement shall be construed and interpreted in accordance with the statutes and case authority of the Commonwealth of Pennsylvania and the provisions of 13 Pa.C.S.A.Â§4a-101 ET.SEQ. OR THE RELEVANT PROVISIONS OF THE Uniform Commercial Code, and, if applicable, operating circulars of any Federal Reserve bank, Federal laws and regulations, all funds-transfer system rules and general practices applicable to funds-transfers and related activities.

13. DRAFTSMANSHIP. Sender hereby acknowledges that this Agreement has been drafted by Bank for the convenience of the parties and that no presumption of inference shall be applied in favor of or against any party to this Agreement as a result of the identify of the draftsman hereof; rather, this Agreement shall be broadly and liberally construed for the purposes set forth herein.

14. DEFINED TERMS. The terms Payment Order, Bank, Sender, Authorized Account, Security Procedure, Transfer Amount and Beneficiary are defined as set forth on the reverse side hereof and, where applicable, include the plural. If the Sender is more than one individual or entity, then each of them shall be jointly and severally liable for any obligations or liability related to this agreement.

15. HEADNOTES. The paragraph headings on this side on this side of the Agreement are provided for the convenience of reference only and do not constitute a part of the Agreement nor shall the same be considered in the construction and interpretation thereof.

16. DELEGATION BY BANK. Sender agrees that Bank may delegate its duties and responsibilities as it deems appropriate in order to complete the transaction contemplated herein.

17. AUTHORITY. Sender hereby represents and warrants to Bank that this Agreement has been duly-authorized, executed and delivered and is a legal, valid and binding obligation of Sender enforceable in accordance with the terms hereof and, if a non-personal entity, that all necessary actions in connection with this Agreement have been fulfilled and that the persons executing this Agreement are duly-authorized and incumbent in any representative capacity indicated herein.

18. SEVERABILITY. If term or provision in this Agreement or the application thereof is determined to be invalid or unenforceable in whole or in part by any court or administrative body of competent jurisdiction, the this Agreement shall be construed and interpreted as if such term, provision or application shall have not been included herein and all other terms, provisions and other applications thereof shall remain enforceable to the fullest extent provided by law.

19. PARTIES BOUND. This Agreement has been executed by Sender and Bank and shall bind and inure to the benefit of their respective heirs, personal representatives, successors and assigns, as the

case may be, it being expressly understood that Sender may not assign its duties or obligations hereunder without the express prior written consent of Bank.